**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

THEODORE OLGUIN,

      Defendant - Appellant.

No. 14-2112
(D.C. No. 5:12-CR-01163-RB-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

      Theodore Olguin appeals the denial of his motion to suppress evidence found during a traffic stop. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

      Around 2:00 a.m. on February 23, 2011, Officer Terry Colwell observed a vehicle speeding in Artesia, New Mexico. Colwell recognized it as belonging to Olguin. A few months earlier, Colwell had ticketed Olguin for driving with his front-side windows tinted to block out more than 80% of incoming sunlight, which is a

_____

      * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of New Mexico law and of an Artesia ordinance. Colwell testified that he told Olguin during the previous encounter that he would be ticketed again unless he drove with his windows down.

After following the vehicle for a few blocks, Colwell testified that he turned on his spotlight and observed that the front-side windows of the vehicle were rolled up. Video from Colwell's patrol car does not show if the windows were up or down. Colwell turned around in order to pull Olguin over, and activated his emergency equipment. Olguin drove for a few blocks, then motioned with his hand out his front-driver-side window that he was pulling over. Olguin later testified that he did not pull over immediately because he could not see the police car's lights.

Colwell approached Olguin and asked why his windows were not rolled down. Olguin replied "because it's cold out." Olguin later testified that he rolled his rear-side windows up after pulling over and that he thought Colwell was asking him why he had done so. With wind chill, the temperature that night was approximately 20 degrees Fahrenheit. Olguin also testified that he had been driving with his windows open, despite the cold temperature.

Sergeant Jarod Zuniga, who arrived at the scene after the stop, subsequently asked Olguin to step out of the vehicle for a pat-down, based on knowledge from previous encounters that Olguin was usually armed. After Olguin exited the vehicle, Zuniga found a handgun inside. Olguin was indicted for being a felon in possession of a firearm. He moved to suppress the evidence found during the stop. The district court denied his motion, concluding that the stop was justified because Olguin's

front-side windows were up, that Colwell's testimony on this point was credible, and that Olguin's was not. These findings were based on four grounds: (1) Colwell's testimony; (2) the below-freezing temperature; (3) Olguin's response ("Because it's cold") to Colwell's question; and (4) Olguin's testimony that he initially did not see Colwell pulling him over. Olguin entered a conditional guilty plea, and timely appealed.

## II

"In reviewing the denial of a defendant's motion to suppress, we view the evidence in the light most favorable to the government, accept the district court's findings of fact and credibility determinations unless clearly erroneous, and review de novo the ultimate question of reasonableness under the Fourth Amendment." United States v. Benard, 680 F.3d 1206, 1209-10 (10th Cir. 2012).

On appeal, Olguin argues only that the traffic stop was not justified because his front-side windows were down. A traffic stop is proper at its inception if the officer conducting the stop has "reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." United States v. McGehee, 672 F.3d 860, 867 (10th Cir. 2012) (quotation omitted). Whether Colwell had reasonable suspicion that Olguin was violating the law by driving with his tinted front-side windows rolled up is an issue of fact that turns on weighing Colwell's testimony against Olguin's. The district court did not clearly err in its credibility finding. It relied on circumstantial evidence supporting Colwell's account. No circumstantial evidence supported Olguin's account. See United States v. Revels, 510 F.3d 1269,

-3-

1273 (10th Cir. 2007) (explaining that we defer to the district court on the matter of credibility determinations).

Olguin contends that the circumstances of Colwell's later dismissal from the Artesia police force undermine the district court's credibility finding. Colwell was involved in a verbal dispute with an assistant district attorney. A subsequent investigation determined that Colwell lied about the details of the dispute. He was then fired by the Artesia Chief of Police. The local district attorney sent a "Giglio letter" to Colwell's supervisor stating that Colwell's credibility was irreparably damaged. See Seifert v. Unified Gov't of Wyandotte Cnty./Kan. City, 779 F.3d 1141, 1148 (10th Cir. 2015) (citing Giglio v. United States, 405 U.S. 150, 154 (1972)) (discussing common practice of prosecutors informing law enforcement supervisors that they will not take cases from certain officers due to requirement that prosecutors disclose past dishonesty by officers to criminal defendants). Colwell was later exonerated by the state Academy Board, but the district attorney sent another letter affirming that, regardless of Colwell's exoneration, she would not accept any of his cases. Despite learning about Colwell's credibility problems, the district court, in denying the motion to suppress, concluded that the circumstances surrounding Colwell's termination were irrelevant to whether the stop of Olguin was justified.

We have recognized that information about a law enforcement officer being disciplined due to dishonesty is "certainly probative of truthfulness." United States v. Fuentez, 231 F.3d 700, 705 (10th Cir. 2005); accord United States v. Woodard, 699 F.3d 1188, 1193-95 (10th Cir. 2012). But there is no hard and fast rule that an

-4-

officer found untruthful in one context is automatically not credible in any other.
The officer's record of not being credible is just one factor, albeit an important one,
for district courts to consider when making credibility findings. As the Supreme
Court has held, when "there are two permissible views of the evidence, the
factfinder's choice between them cannot be clearly erroneous." Anderson v. City of
Bessemer City, 470 U.S. 564, 575 (1985). There is no reason to conclude that the
district court committed clear error by finding Colwell credible despite his history of
dishonesty. Circumstantial evidence corroborates Colwell's and not Olguin's version
of events.

## III

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge